# Exhibit 1

| | |
|---|---|
| **From:** | Obermeier, Stephen |
| **To:** | Andrew Schapiro |
| **Cc:** | Marshall Winn; David Lakin; Sweet, Mark; Fiebig, Rebecca; Richardson, Nicole; trudyrobertson@mvalaw.com; Wallace K. Lightsey; Margaret Haas; Rachael Anna |
| **Subject:** | RE: Bakala v. Krupa (18-cv-2590) |
| **Date:** | Wednesday, May 29, 2019 4:27:04 PM |

Hi Andy,

First, to be clear, we have to date been handling the discovery materials subject to your original proposed order and will continue to do so until a final order is entered.

Second, regarding the third point in my May 21 email, you are generally correct.  However, I would also add, as I mentioned on our call, that I am concerned about subjecting Swart and Krupa to ongoing jurisdiction in the DSC even though the Court lacks personal jurisdiction over them in the first place.  As we discussed, I am concerned that your client could generate disputes over the order simply to drag Swart and Krupa into a South Carolina court.  With that said, if the Court holds that it does have personal jurisdiction over Swart and/or Krupa, the protective order would apply and be enforceable in this Court.

Third, I really do appreciate your efforts to resolve our differences on the order, and it does sound like we are very close.  However, I cannot say for sure until I see the final language, as I am sure you can understand.  After you send the revised order, I will endeavor to respond to you by COB tomorrow with a final answer.  If you could send the revised version tonight, that would be very helpful.

Thanks again for your cooperation.

Steve

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Sent:** Wednesday, May 29, 2019 1:15 PM
**To:** Obermeier, Stephen <SObermeier@wileyrein.com>
**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>; Rachael Anna <ranna@wyche.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

Dear Steve,

We remain very concerned about ensuring that Defendants Swart and Krupa are adequately bound by the protective order.  Having not seen an answer to my question below regarding your third point, I assume my characterization of your position is correct.  Please let me know if that is not the

case. While we still have reservations about your proposed approach, we would be willing to agree to Defendants signing something along the lines of your proposed Exhibit B with the understanding that once the Court finds it has personal jurisdiction over a defendant, that defendant would continue to be bound by the protective order which would then be directly enforceable against the defendant by Judge Norton (without Plaintiff being forced to bring a separate action).

In the interests of reaching an agreed resolution on the protective-order issue, we are willing to agree with your proposals below regarding Paragraphs 2 and 3 regarding "Confidential" and "Highly Confidential" information. Specifically, we are willing to remove the reference to Section 30-4-40 from Paragraph 2 and further revise Paragraph 2 so that it is not overlapping or duplicative of Paragraph 3. We will also agree to your request that the categories of Highly Confidential information in Paragraph 3 be limited to the bullet points we provided on May 16 and that those be included in the Order.

I trust that this satisfies the concerns described in your May 21 email; if I am wrong about that please let me know right away. We will circulate a revised draft of the proposed protective order for your review and signature later today or tomorrow.

Andy

**From:** Andrew Schapiro
**Sent:** Thursday, May 23, 2019 1:04 PM
**To:** 'Obermeier, Stephen' <SObermeier@wileyrein.com>
**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>; Rachael Anna <ranna@wyche.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

Dear Steve,

We will file our motion on or before June 3. We trust that you will handle the discovery materials pursuant to our proposed order until a final order is entered. With regard to your third point below, so we're on the same page: "the reasons [you] have already explained" to which you refer below are your concerns that a defendant might be found to have waived a personal jurisdiction defense if he submits to a judicially entered protective order, correct?

**From:** Obermeier, Stephen [mailto:SObermeier@wileyrein.com]
**Sent:** Tuesday, May 21, 2019 10:41 AM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey

<wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>; Rachael Anna <ranna@wyche.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

**[EXTERNAL EMAIL]**

Andy,

Thank you for your email and your efforts to resolve this.  Your proposed paragraphs 6 and 7 (and related changes) work for us.  Unfortunately, however, I think we remain at an impasse on a few points.

*First*, we cannot agree to your definition of "Confidential" information.  We believe ¶ 2(b) should be limited to personal identifiers.  And we have reviewed Section 30-4-40 (and the provisions you highlighted), and we do not think it should be included.  Even the highlighted paragraphs are duplicative of other provisions in the Order (e.g., ¶ 2(c), which references ECF Rule 13.4.3) and are vague and difficult to interpret.

*Second*, we cannot agree to your definition of "Highly Confidential" information for the reasons we have already discussed.  The case you cited—*Edwards*—involved a discrete list of personal information in the context of a trafficking case and does not support your definition. We would consider keeping the categories listed below Highly Confidential if that was the complete list and they are expressly identified in the Order.  But ¶ 2 would then need to be revised to avoid it being overlapping and duplicative.  For instance, both your list below and your ¶ 2 list personal identifiers.  We remain committed to creating specific, discrete categories of Confidential and Highly Confidential information that are supported by the case law and that will minimize future designation fights.  We do not believe the current proposed definitions satisfy those goals.

*Third*, while we remain open to discussing ways to make the Order binding on all defendants, we cannot agree to submit Messrs. Swart and Krupa to even limited jurisdiction in this court for the reasons we have already explained.

Given that we have been negotiating in good faith over these issues, if you agree to file a motion for protective order by Tuesday (5/28), we are willing to accept the documents you produce tomorrow subject to designations under your proposed order until a final order is entered .  At that point, you would then need to re-designate the documents consistent with the final order.  Please let us know if that works for you.

Thanks,

Steve

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Sent:** Thursday, May 16, 2019 5:08 PM
**To:** Obermeier, Stephen <SObermeier@wileyrein.com>

**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>; Rachael Anna <ranna@wyche.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

Stephen,

I'm writing to follow up on several issues from Tuesday's meet and confer.

*First*, I have attached a revised draft of the protective order (clean and a redline showing changes to the version we sent on May 1). We incorporated some of the edits we discussed on Tuesday and also made it clear that Plaintiff will not argue that signing the PO submits Defendants to the Court's jurisdiction generally. During Tuesday's meet and confer, you said you would confer with your clients regarding whether they are willing to agree to our proposal that they consent to the Court's jurisdiction for the limited purpose of enforcement of the protective order. Please let us know if your clients are agreeable to this approach.

*Second*, I have also attached a copy of Section 30-4-40, highlighting the provisions that we believe are most likely to be relevant to this litigation. Of course, in the event there are discovery materials that fall under the un-highlighted provisions, we reserve the right to also designate those materials as Confidential or Highly Confidential.

*Third*, you also asked that we provide examples of the types of documents we anticipate marking Highly Confidential—Attorneys' Eyes Only. While we reserve the right to designate other categories of information as AEO, some examples are below:

- Information related to Mr. Bakala's minor children.
- Addresses of Mr. Bakala's primary and secondary residences.
- The identities of persons or businesses who do business with Mr. Bakala.
- Sensitive information about Bakala's businesses or finances, such as contracts, leases, pending or completed business deals, amount paid in taxes, tax returns or filings, information related to income or net worth, investments, etc.
- Personal identifying information (passport number, DOB, driver's license number, SSN, etc.).
- Identifying information about vehicles driven or used by Mr. Bakala (make, model, license plate number, VIN).
- Names and identifying information of Mr Bakala's single-member entities holding real and personal property.
- Nonpublic information about Mr. Bakala's friends, business associates, or whereabouts to the extent such information could be used to harass Mr. Bakala or persons associated with him.
- Information relating to medical treatment, counseling, or health care.

*Finally*, we have attached Mr. Bakala's signed verification of the Interrogatory responses.

We look forward to hearing from you on the outstanding issues related to the Protective Order.

Thanks,

Andy

---

**From:** Obermeier, Stephen [mailto:SObermeier@wileyrein.com]
**Sent:** Thursday, May 09, 2019 4:22 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

**[EXTERNAL EMAIL]**

---

That works for us.  Thanks.

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Sent:** Thursday, May 9, 2019 3:58 PM
**To:** Obermeier, Stephen <SObermeier@wileyrein.com>
**Cc:** Marshall Winn <mwinn@wyche.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
**Subject:** Re: Bakala v. Krupa (18-cv-2590)

Unfortunately not; and the rest of Monday has gotten a bit complicated. How about 2pm ET Tuesday?

On May 9, 2019, at 3:25 PM, Obermeier, Stephen <SObermeier@wileyrein.com> wrote:

> **[EXTERNAL EMAIL]**
>
> ---
>
> We can do the meet and confer at 3:45ET on Monday.  Does that work?
>
> Thank you.
>
> ---
>
> **From:** Obermeier, Stephen
> **Sent:** Thursday, May 9, 2019 11:48 AM
> **To:** 'Marshall Winn' <mwinn@wyche.com>
> **Cc:** 'Andrew Schapiro' <andrewschapiro@quinnemanuel.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig,

Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <NRichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

Thanks, Marshall.  I was actually just about to follow up on that point after talking to Trudy.  One week from this Monday works, per Andy's email, and no filing is necessary.  If we make progress during our meet and confer and there's more to do, we can always extend it again.  I don't see a basis for retroactively extending the time to respond to the interrogatories, and I'm not sure we could even do that without a Court Order (given that date was set by Court Order).

I will confirm the time for Monday's meet and confer as soon as possible.

Thanks.

---

**From:** Marshall Winn <mwinn@wyche.com>
**Sent:** Thursday, May 9, 2019 11:35 AM
**To:** Obermeier, Stephen <SObermeier@wileyrein.com>
**Cc:** 'Andrew Schapiro' <andrewschapiro@quinnemanuel.com>; David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
**Subject:** RE: Bakala v. Krupa (18-cv-2590)

Steve,  maybe the better way to handle the extension is under Local Rule 37.01 DSC, which states that, if counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond 30 days before the deadline for completion of discovery as set by the scheduling order, and that such extension automatically extends the deadline for the motion to compel.  We just need to confirm the extension in writing; nothing is to be filed with the court.  Shall we just agree on a 10-day extension on the interrogatory responses?  If we can't get things resolved by then, you'd have an additional 21 days to file a motion to compel.

Thanks.

Marshall

<image001.jpg>     **Marshall Winn | Wyche**
200 East Camperdown Way | Greenville, SC 29601-2972
Phone: (864) 242-8204 | Fax: (864) 235-8900
mwinn@wyche.com | www.wyche.com/mwinn | vCard

A **Lex Mundi** Member Firm

**From:** Andrew Schapiro [mailto:andrewschapiro@quinnemanuel.com]
**Sent:** Thursday, May 09, 2019 10:15 AM
**To:** Obermeier, Stephen <SObermeier@wileyrein.com>
**Cc:** David Lakin <davidlakin@quinnemanuel.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com; Marshall Winn <mwinn@wyche.com>; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
**Subject:** Re: Bakala v. Krupa (18-cv-2590)

One-week extension is ok with us.

On May 9, 2019, at 9:02 AM, Obermeier, Stephen <SObermeier@wileyrein.com> wrote:

> **[EXTERNAL EMAIL]**
>
> Andy,
>
> Thank you for the letter.  We will review, and we will get back to you with a specific time to discuss on Monday.  However, you did not respond to my request regarding a one-week extension for us to file a motion to compel.  We need to know your position on that <u>as soon as possible</u> so we can inform the Court.  Otherwise, we will have no choice but to file a motion to compel on Monday.
>
> Thank you,
>
> Steve
>
> **From:** David Lakin <davidlakin@quinnemanuel.com>
> **Sent:** Wednesday, May 8, 2019 5:31 PM
> **To:** Obermeier, Stephen <SObermeier@wileyrein.com>; Sweet, Mark <MSweet@wileyrein.com>; Fiebig, Rebecca <RFiebig@wileyrein.com>; Richardson, Nicole <nrichardson@wileyrein.com>; trudyrobertson@mvalaw.com
> **Cc:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Marshall Winn <mwinn@wyche.com>; Wallace K. Lightsey <wlightsey@wyche.com>; Margaret Haas <margarethaas@quinnemanuel.com>
> **Subject:** Bakala v. Krupa (18-cv-2590)

Stephen,

Please see the attached correspondence sent on behalf of Andrew Schapiro.

Thanks,

David Lakin

**David Lakin**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7439 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
davidlakin@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.

-----------------------------------------------------
This e-mail may contain privileged or confidential information.
If the e-mail was not intended for you, please:
(i) delete the e-mails and any attachments
(ii) destroy any copies that may have been made
(iii) do not use, copy or distribute the contents in any form
(iv) notify the sender by return e-mail or call.
No privilege is waived by inadvertent transmission.
Thank you.
-----------------------------------------------------